IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RENCE PERKINS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No. 12-0468-CG-N |
| | ) |
| BERG SPIRAL PIPE CORP. | ) |
| | ) |
|    Defendant. | ) |
| | ) |

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the court on the plaintiff, Rence Perkins' ("Perkins'") motion for reconsideration (Doc. 40), which is brought pursuant to Federal Rule of Civil Procedure 59(e).  The court notes, however, that Rule 59 does not apply here, because the court has entered no final order or judgment, but only an interlocutory order.  <u>In re: Bayshore Ford Truck Sales, Inc.</u>, 471 F.3d 1233, 1260–61 (11th Cir. 2006) (grant of partial summary judgment is an interlocutory order); <u>Toole v. Baxter Healthcare Corp.</u>, 235 F.3d 1307, 1315 (11th Cir. 2000) (an interlocutory order is not subject to the limitations of Rule 59).  Nor is Perkins' motion proper under Rule 60(b).  <u>Bon Air Hotel, Inc. v. Time, Inc.</u>, 426 F.2d 858, 862 (5th Cir.1970) (an interlocutory order is not subject to Rule 60(b)).

Nevertheless, even if Rule 59(e) were applicable to Perkins' motion, the court finds that he has failed to satisfy any of the major grounds for

reconsideration of the court's February 7, 2013, grant of partial summary judgment in favor of the defendant, Berg Spiral Pipe Corp. ("Berg") (Doc. 38).

## RECONSIDERATION STANDARD

Reconsideration is considered to be an "extraordinary" remedy which is to be employed "sparingly." Gougler v. Sirius Products, Inc., 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005) (citing United States v. Bailey, 288 F.Supp.2d 1261, 1267 (M.D.Fla. 2003); Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F.Supp. 522, 524 (E.D.Pa. 1992); Spellman v. Haley, 2004 WL 866837, *2 (M.D.Ala. Feb.22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").  Generally, courts have recognized three grounds which justify the reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Summit Medical Center of Alabama, Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D.Ala. 2003).

## LEGAL ANALYSIS

Perkins has not alleged any change in the controlling law, therefore the basis for the requested relief is either the need to correct a clear error or to address newly available evidence.

### (1)  New Evidence

Perkins submitted an affidavit with his motion for reconsideration (Doc. 40-1) in which he avers that "he did not realize he had a viable legal

claim against Berg Spiral for racial discrimination until around the time he filed his charge of discrimination in August of 2010." Doc. 40 at 1-2.

Perkins' affidavit clearly is not "new" evidence for the purposes of a motion for reconsideration. His testimony was freely available for inclusion in any or all briefs filed by plaintiff's counsel during the pendency of Berg's motion for partial summary judgment. See Doc. 31. Evidence which was available to a party during the pendency of a motion for summary judgment may not later be introduced on a motion to reconsider. See Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689 M.D. Fla. 1994) (citing Prieto v. Storer Communications, Inc., 152 F.R.D. 654 (M.D.Fla. 1994); Morgan v. Harris Trust and Savings Bank of Chicago, 867 F.2d 1023, 1028 (7th Cir. 1989); Shields v. Eli Lilly and Co., 704 F.Supp. 260, 262–63 (D.D.C. 1988); Refrigeration Sales Co., Inc. v. Mitchell–Jackson, Inc., 605 F.Supp. 6, 7 (D.C.Ill. 1983)). Furthermore, a motion to reconsider which is based upon evidence that could have been introduced during the pendency of the motion for summary judgment will be denied without an abuse of discretion. Morgan, 867 F.2d at 1028.

Even if the court were to consider of Perkins' affidavit notwithstanding the fact that it is not new evidence, the court finds that it has already discussed this line of argument its prior order. See Doc. 38 at 6 (citing Perkins' opposition brief in which claimed of ignorance of any "viable" claims until 180 days before he filed the EEOC Charge.). The court ruled that

3

Perkins' argument was undercut by the fact that he framed the alleged discrimination and retaliation as a pattern and practice beginning in 2008, rather than as multiple, discrete instances of discrimination and retaliation. See Doc. 38 at 6.  Therefore, the court deems this portion of Perkins' motion to be an attempt to re-litigate a matter that was considered and decided at partial summary judgment.

### (2) Clear Error

Perkins also claims that the Court erred when it ruled that Perkins had a motive to conceal his claims against Berg.  Doc. 40 at 3.  A motion to reconsider based upon clear error is appropriate "when the Court has patently misunderstood a party ... or has made a mistake, not of reasoning, but of apprehension."  Wendy's Int'l, Inc. v. Nu–Cape Constr., Inc., 169 F.R.D. 680, 684 (M.D.Fla. 1996).  The opposite side of this coin is that "[a] motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis of the Court's earlier decision." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480 (M.D. Fla. Oct. 7, 1999).

With this standard in mind, the court finds that Perkins fails to provide any credible basis for his assertion that the court based its conclusion at partial summary judgment "upon factual and legal error."  Doc. 40 at 3. Perkins' claim that he "paid 100 per cent of the debts claimed by his creditors" (Doc. 40 at 3) echoes the claim that he made in his opposition brief

4

(which was previously considered by the court); namely, that he "did not gain advantage by failing to amend his schedules because his debts were already being paid in full." Doc. 36 at 4. The court understood this argument when it was presented at partial summary judgment, but found it unavailing because Perkins paid 100% of the claims filed under the Chapter 13 plan, not 100% of all his debts. Several creditors did not file claims under the Chapter 13 plan, and might have done so had they had the opportunity to file a claim upon the disclosure of a second potential claim against Berg. Furthermore, those creditors who did not file claims could have sought to revoke the Chapter 13 plan upon discovering a subsequent amendment to Perkins' bankruptcy filing that revealed the August 2010 EEOC Charge – a charge which Perkins filed during the pendency of his bankruptcy.[1]  See Doc. 36 at 9.

Stated more sucinctly, the court understood Perkins' argument; Perkins just doesn't like the result the court reached and used this motion to once again argue his earlier position, which is a misuse of a motion to reconsider. See Lamar, supra.

---

[1] As the court noted in its partial summary judgment order, the Bankruptcy Court allowed Perkins to hire plaintiff's counsel in February 2010 – six months before Perkins filed his EEOC Charge against Berg. Doc. 38 at 8. Thus, while Perkins may personally have been an unsophisticated party in terms of whether or when he was required to amend his schedule of assets, he nevertheless enjoyed the representation of an experienced employment discrimination attorney for a significant period of time during the pendency of his bankruptcy and prior to filing the EEOC Charge. Plaintiff's counsel surely understood the importance of amending a debtor's schedule of assets to reveal an existing claim or potential claim at any point during the pendency of the bankruptcy. To the extent that Perkins' litigation strategy dispensed with such an amendment as unnecessary, that strategy was flawed.

5

## CONCLUSION

Accordingly, for the reasons enumerated above, the plaintiff's motion for reconsideration is hereby **DENIED**.

**DONE** and **ORDERED** this 28th day of February, 2013.

            /s/  Callie V. S. Granade
            UNITED STATES DISTRICT JUDGE